IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LIGHTHOUSE ASSETS LLC et al., <br>    *Plaintiffs*, <br><br> v. <br><br> THE COUNCIL OF UNIT OWNERS OF SPRING MEADOWS CONDOMINIUM INC., et al. <br>    *Defendants*. | Civil Action No. ELH-19-1072 |

**MEMORANDUM**

On February 19, 2019, in the Circuit Court for Garrett County, Maryland, plaintiff Lighthouse Assets LLC filed suit against defendants the Council of Unit Owners of Spring Meadows Condominium Inc. (the "Council") and EquityExperts.org, L.L.C. ("EquityExperts"). ECF 1-1 at 7-13 and ECF 2 (the "Complaint"). The Complaint contained two counts. The first count alleged that defendants violated the Fair Debt Collection Practices Act ("FDCPA"), as amended, 15 U.S.C. § 1692 *et seq.* The second count sought declaratory judgment under Md. Code (2013 Repl. Vol., 2018 Supp.), § 3-406 of the Courts and Judicial Proceedings Article, to the effect that plaintiffs do not owe defendants the $12,503.03 to which defendants claim they are entitled.

EquityExperts timely removed the case to federal court on April 9, 2019, pursuant to 28 U.S.C. §§ 1441 and 1446. ECF 1-2 (the "Notice"). In particular, EquityExperts asserted that the Complaint raises a federal question, because it asserts violation of the FDCPA. *Id.* ¶¶ 2, 3.

On May 2, 2019, Lighthouse filed a "First Amended Complaint" (ECF 14, "Amended Complaint"), adding William Weiss as a plaintiff. And, of import here, the Amended Complaint abandoned the count brought under the FDCPA, leaving only the count for declaratory judgment under Maryland law.

As a result, the suit no longer presents a federal question. Moreover, there is no diversity jurisdiction under 28 U.S.C. § 1332(a), as the amount-in-controversy does not exceed $75,000. *See* ECF 1-1 at 5.

A federal court has "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). On May 20, 2019, I held a telephone status conference with the parties, in which I raised with counsel the matter of the Court's subject matter jurisdiction. *See* Docket. The next day, EquityExperts moved to dismiss the Amended Complaint, pursuant to the *Rooker-Feldman* Doctrine. ECF 20.

Under 28 U.S.C. § 1367(a), a district court is authorized to resolve state law claims under the grant of supplemental jurisdiction. Pursuant to § 1367(c)(3), however, a district court "may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."

In *Shanaghan v. Cahill*, 58 F.3d 106 (4th Cir. 1995), the Fourth Circuit recognized that under § 1367(c)(3), "trial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when federal claims have been extinguished." *See also ESAB*, 685 F.3d at 394 ("Section 1367(c) recognizes courts' authority to decline to exercise supplemental jurisdiction in limited circumstances, including . . . where the court dismisses the claims over which it has original jurisdiction."); *Hinson v. Northwest Fin. S. Carolina, Inc.*, 239 F.3d 611, 616 (4th Cir. 2001) (stating that, "under the authority of 28 U.S.C. § 1367(c), authorizing a federal court to decline to exercise supplemental jurisdiction, a district court has inherent power to dismiss the case . . . provided the conditions set forth in § 1367(c) for declining to exercise supplemental jurisdiction have been met"). *See*, *e.g.*, *Ramsay v. Sawyer Property Management of Maryland, LLC,* 948 F.Supp.2d 525, 537 (D. Md. 2013) (declining to exercise supplemental jurisdiction over plaintiff's state law claims after

dismissing FDCPA claims); *Int'l Ass'n of Machinists & Aerospace Workers v. Werner-Masuda*, 390 F.Supp.2d 479, 500 (D. Md. 2005) ("Because the court will dismiss the claims over which it has original jurisdiction, the court will decline to exercise supplemental jurisdiction over the remaining state law claims.").

When exercising this discretion, the Supreme Court has instructed federal courts to "consider and weigh . . . the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over . . . pendent state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). The Court has also said: "Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966).

In the Amended Complaint, plaintiffs acknowledge that the Court may decline to exercise supplemental jurisdiction over this suit pursuant to 28 U.S.C. § 1367(c). *Id*. ¶ 8. Additionally, plaintiffs state that they "do not feign any appreciable preference as to whether such hearing comes in federal or state court." *Id*. ¶ 8. Rather, they "defer to this Honorable Court's wishes, which may be exercised *sua sponte*[.]" *Id.*

This case has merely been pending in this Court for six weeks. In the absence of a viable claim that comes within federal question jurisdiction, I decline to exercise supplemental jurisdiction over the remaining state law claim. Therefore, the suit shall be remanded to the Circuit Court for Garrett County, Maryland.

An Order follows, consistent with this Memorandum.

Date: May 23, 2019                             /s/
                                        Ellen L. Hollander
                                        United States District Judge